IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Reverend Tim Christopher, Sarah Cade Hauptman, and the Minnesota Gun Owners Caucus,<br><br>    Plaintiffs,<br><br>v.<br><br>Ramsey County,<br>Bob Fletcher, in his official capacity as Ramsey County Sheriff, and<br>the State Agricultural Society,<br><br>    Defendants. | Case No. 0:21-cv-02292-JRT-KMM<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO CERTIFY QUESTION TO MINNESOTA SUPREME COURT** |

Plaintiffs Reverend Tim Christopher, Sarah Cade Hauptman, and the Minnesota Gun Owners Caucus ("Plaintiffs"), submit this Memorandum of law in support of their motion to certify question to the Minnesota Supreme Court.

**INTRODUCTION**

This case involves an important question of Minnesota state law.  Minnesota's highest court ought to decide the issue rather than a Federal Court.  Central to this matter is the interpretation of Minn. Stat. § 471.633 and the Minnesota Citizens Personal Protection Act.  Though the Minnesota Court of Appeals has commented on the interpretation of Minn. Stat. § 471.633 in another context, the Minnesota Supreme Court has not interpreted the statute to permit its application in other contexts.  This motion

requests that the Court certify this important question to the Minnesota Supreme Court for its interpretation of Minn. Stat. § 471.633.

## PROPOSED QUESTION TO BE CERTIFIED

Does the term "government subdivision" as used in Minn. Stat. § 471.633 include the State Agricultural Society such that the State Agricultural Society's ban of otherwise lawful firearms is preempted?

## ARGUMENT

### I.  LEGAL STANDARD

The United States Supreme Court has consistently championed the use of certified questions, having used the process itself and recommended it to lower courts.  Indeed, Justice O'Connor noted it is "particularly gratuitous" for a federal court to speculate about the meaning of a state law when a state supreme court stands willing to address questions of state law on certification from a federal court.  *Brockete v. Spokane Arcades, Inc.,* 472 U.S. 491, 510 (1985) (O'Connor, J. concurring).

In *Hatfield, by Hatfield v. Bishop Clarkson Mem'l Hosp.,* 701 F.2d 1266, 1267 (8th Cir. 1983), the Court ruled that "certification was 'particularly appropriate in view of the novelty of the question' and the unsettled nature of state law."  The Court explained therein that, "'[w]hen the state law is in doubt especially on the underlying public policy aims, it is in the best administration of justice to afford the litigants a consistent final judicial resolution by utilizing the certification procedure.'"  *Id.* (emphasis added) (quoting *Barnes v. Atlantic & Pacific Life Ins. Co. of America,* 514 F.2d 704, 705 n.4 (5th Cir. 1975)).

Generally speaking, the "Court has exercised its discretion to certify questions of law when the issue involved is a unique and narrow question of state law." Schaffer, Haley N. and Herr, David F. (2010) "Why Guess? *Erie* Guesses and the Eighth Circuit," *William Mitchell Law Review*: Vol. 36: Iss. 4, Article 7 (Schaffer and Herr, "Why Guess?") at 1633. The "most important consideration ... is whether the ... court finds itself genuinely uncertain about a question of state law." *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991) (citation omitted). When there is a "close" question of state law *or* a lack of state sources, a court should certify. *See id* at 154.

Certification of unsettled and pressing questions is preferable to guesswork because "in the long run [it] save[s] time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997). Indeed, federal courts use certification "to avoid 'friction-generating error' where a federal court attempts to construe a statute 'not yet reviewed by the State's highest court.'" *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1895 (2018) (Sotomayor and Breyer, dissenting) (citing *Arizonans for Official English*, 520 U.S. at 79). Whether or not to certify a question to state courts is within the discretion of the federal court. *Lehman Bros.*, 416 U.S. at 391.

The Minnesota Supreme Court has accepted certified questions in a wide variety of cases. For instance, the court has answered questions certified to it from the Eighth Circuit. Schaffer and Herr, "Why Guess?" at 1632; *see, e.g., Hubbard Broad., Inc. v. Metro. Sports Facilities Comm'n*, 381 N.W.2d 842, 843 (Minn. 1986); *Kaiser v. Mem'l Blood Ctr. of Minneapolis, Inc.*, 486 N.W.2d 762, 764 (Minn. 1992); *Kulinski v. Medtronic Bio-Medicus,*

3

*Inc.*, 577 N.W.2d 499, 500 (Minn. 1998); *Haghighi v. Russian-Am. Broad. Co.*, 577 N.W.2d 927, 928 (Minn. 1998); *Minnesota Citizens Concerned for Life, Inc. v. Kelley*, 698 N.W.2d 424, 425 (Minn. 2005); *Lickteig v. Kolar*, 782 N.W.2d 810, 811 (Minn. 2010); *Litterer v. Rushmore Loan Mgmt. Servs., LLC,* 905 N.W.2d 623, 624 (Minn. 2018).

The Minnesota Supreme Court does not have other specific criteria for determining when to "accept" certified questions. Closely analogous thereto, Minn. R. Civ. App. P. 117, subd. 2 does, however, provide the criteria to be considered in determining whether to accept review from the Minnesota Court of Appeals. In this context, the Minnesota Supreme Court in *Wolner v. Mahaska Indus.,* 325 N.W.2d 39, 41 n.1 (Minn. 1982) explained that it considers certification to be appropriate "when there is no controlling precedent in the decisions of the supreme court of this state" on the Minnesota law at issue. Additionally, the Minnesota Supreme Court "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." Minn. Stat. § 480.065.

## II.     CERTIFICATION IN THIS MATTER

Certification in this matter is appropriate because the question meets all of the criteria set forth above.

First, the question is novel. No Court has applied (or refused to apply) Minn. Stat. § 471.633 to the State Agricultural Society ("Agricultural Society"). Though the Minnesota Court of Appeals in *State v. Eide*, 898 N.W.2d 290 (Minn. App. 2017) did purport to limit the construction of the term "governmental subdivision" in Minn. Stat. §

4

471.633, it did not delineate the bounds of the statute. Furthermore, the *Eide* Court itself remarked that it was a "close case." *Id*. at 296. The Minnesota Supreme Court has not applied *Eide*.

Second, the question is particularly unsettled. There is precious little law interpreting Minn. Stat. § 471.633. With such little guidance, in arguing their respective positions, the parties are essentially debating whether or not the State Fair is comparable the Airport.

Third, the question concerns important issues of Minnesota public policy. This case asks essential questions regarding the reach and breadth of the Minnesota Citizens Personal Protection Act, and the Minnesota State Fair.

## **CONCLUSION**

Plaintiffs respectfully request that this Court exercise its discretion and certify the question above to the Minnesota Supreme Court.

| | |
|---|---|
| Dated: November 29, 2021 | **TAFT STETTINIUS & HOLLISTER LLP** |

By: */s/ Andrew S. Dosdall*
　　Scott M. Flaherty (#388354)
　　Andrew S. Dosdall (#391076)

2200 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2157
Telephone: (612) 977-8400
Facsimile:  (612) 977-8650
sflaherty@taftlaw.com
adosdall@taftlaw.com

**ATTORNEYS FOR PLAINTIFFS REVEREND TIM CHRISTOPHER, SARAH CADE HAUPTMAN, AND THE MINNESOTA GUN OWNERS CAUCUS**

71913084v2